IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELNORA WHITFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner Of<br>Social Security,<br><br>    Defendant. | )<br>)<br>)<br>)   Case No. 3:07-1091<br>)   Judge Nixon<br>)   Magistrate Judge Bryant<br>)<br>)<br>)<br>) |

## ORDER

Pending before the Court is Plaintiff Elnora Whitfield's Motion to Remand or in the Alternative for an Award of Benefits ("Plaintiff's Motion") (Doc. No. 14), Plaintiff's Memorandum in Support (Doc. No. 15), and Defendant's Response (Doc. No. 17). Magistrate Judge Bryant has issued a Report and Recommendation ("Report") (Doc. No. 18), recommending that the Court deny Plaintiff's Motion and affirm the decision of the Social Security Administration. Subsequently, Plaintiff filed timely objections. (Doc. No. 19).

Upon review of the Magistrate Judge's Report and for the reasons discussed herein, the Court **GRANTS** Plaintiff's Motion and **REMANDS** her case to the Commissioner for further proceedings consistent with this opinion.

1

## I. BACKGROUND

### A. *Procedural Background*

Plaintiff filed the current application for Social Security Income ("SSI") on September 8, 2003 (Tr. 58-60) and received a protective filing date of August 21, 2003. (Tr. 57). Plaintiff alleged disability beginning July 1, 1998 due to various conditions, including a brain tumor and heart trouble. (Tr. 98). The Social Security Administration ("SSA") initially denied Plaintiff's claim on January 9, 2004. (Tr. 34-36). Plaintiff requested reconsideration (Tr. 37), and the SSA again denied the claim on May 14, 2004 (Tr. 38-39). An Administrative Law Judge ("ALJ") held a hearing on January 11, 2006, receiving testimony from Plaintiff and an impartial vocational expert. (Tr. 622-45). The ALJ issued a decision denying Plaintiff's claim for benefits on April 28, 2006. (Tr. 16-22). The Appeals Council denied Plaintiff's request for review on August 31, 2007 (Tr. 6-9), making the ALJ's decision the final decision of the SSA.

Plaintiff then filed this civil action on February 24, 2008 to obtain judicial review of the ALJ's decision, seeking remand or an award of benefits. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g). On November 4, 2008, Magistrate Judge Bryant issued a Report recommending that Plaintiff's Motion be denied and that the decision of the SSA be affirmed. (Doc. No. 18). On November 17, 2008, Plaintiff filed an Objection, asserting that (1) the ALJ failed to provide a reasonable explanation for rejecting the assessment of Dr. Davis, the consultative examiner, and (2) the ALJ failed to provide a reasonable explanation for rejecting the assessment of Dr. Talley, Plaintiff's treating physician. (Doc. No. 19).

2

B.  *Factual Background*

The Court adopts the portion of the Magistrate's Report addressing the relevant facts of the record. (Doc. No. 18, at 3-6).

## II.   STANDARD OF REVIEW

The Court reviews the portions of the Report to which Petitioner objects de novo pursuant to 28 U.S.C. § 636(b). The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Thus, the Court's review is limited to determining whether substantial evidence in the record supports the Commissioner's decision and to finding legal errors. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quoting Cutlip v. Sec'y of Health & Hum. Servs., 25 F.3d 284, 286 (6th Cir. 1994)).

The Court must uphold the Commissioner's decision if substantial evidence supports it, even if the evidence could also support the opposite conclusion. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999). Factual determinations should be left to the ALJ and the Commissioner; thus, the Court must affirm the Commissioner's findings if they are supported by substantial evidence, even if the Court would have come to a different conclusion. Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

3

## III. PLAINTIFF'S OBJECTIONS TO THE ALJ'S FINDINGS

> A. *Plaintiff objects to the ALJ's failure to provide a reasonable explanation for rejecting the assessment of Dr. Davis, the consulting physician.*

Plaintiff asserts that the ALJ failed to follow rules and regulations for weighing medical opinions. Specifically, Plaintiff contends that the ALJ's explanation for rejecting the opinion of the examining consultant, Dr. Davis, was unreasonable. Plaintiff argues that the ALJ erred in concluding that Dr. Davis's examination findings were "essentially normal" even though Dr. Davis determined that Plaintiff was limited in her capacity to lift, stand, or walk for more than six hours in an eight-hour workday. Finally, Plaintiff asserts that the ALJ's opinion is internally inconsistent because the ALJ rejected Dr. Davis's opinion but relied on Dr. Allen's letter suggesting that Plaintiff needs "some sort of job re-training and social help." (Tr. 166).

Plaintiff's argument fails because there is substantial evidence in the record to support the weight the ALJ assigned to Dr. Davis's assessment. An ALJ should generally give greater weight to the opinion of an examining physician than to a non-examining physician's opinion. 20 C.F.R.§ 404.1527(d)(1). However, an ALJ may reject a consulting physician's opinion based on substantial evidence in the record. See Her, 203 F.3d at 390-91 (finding that substantial evidence supported an ALJ's rejection of a consulting psychologist's opinion); see also Moore v. Barnhart, 278 F.3d 920, 924 (9th Cir. 2002) (finding that an ALJ could reject an examining physician's opinion only for reasons supported by substantial evidence in the record).

Although Dr. Davis ultimately concluded that Plaintiff should be limited to light exertion, his medical findings indicated that Plaintiff was of "normal" health. (Tr. 291-93). For instance, Dr. Davis failed to note any specific medical findings, or even general diagnoses, to support his

4

assertions about Plaintiff's limitations. (Tr. 292-93). However, the non-examining state agency physician found Dr. Davis's assessment too restrictive given his normal examinations findings. (Tr. 295). Moreover, two state agency consultants found that Plaintiff did not have any severe physical impairment. (Tr. 234, 295). Accordingly, there was substantial evidence in the record to support the ALJ's decision to reject Dr. Davis's assessment of Plaintiff.

Next, Plaintiff argues that the ALJ's opinion is fatally inconsistent because the ALJ incorrectly relied on Dr. Allen's statement that Plaintiff needs job retraining and social help, which Plaintiff claims supports Dr. Davis's assessment of Plaintiff's limitations. This argument is also flawed. Dr. Allen's explanation to Plaintiff that her tumor "shouldn't keep her from being able to get a job," immediately preceded his statement regarding Plaintiff's need for retraining. (Tr. 166). This indicates that Dr. Allen believed any limitation on Plaintiff's ability to work was due to a lack of social skills rather than her brain tumor. Dr. Allen's statement is entirely consistent with the ALJ's treatment of Dr. Davis's opinion and the ALJ's conclusion that Plaintiff's medical conditions do not prevent her from returning to her past relevant work.

> B. *Plaintiff objects to the ALJ's failure to provide a reasonable explanation for rejecting the assessment of Dr. Talley, Plaintiff's treating physician.*

Plaintiff asserts that the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Dr. Talley, in violation of the treating source rule. See Soc. Sec. Rul. 96-2p, 1996 WL 374188 (July 2, 1996).[1] In addition, Plaintiff argues that the ALJ violated SSA regulations by failing to give "good reasons" for rejecting Dr. Talley's opinion. 20 C.F.R.§ 404.1527(d)(2)

---

[1] "[The ALJ] . . . decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. See also Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

5

(2009). Section 404.1527(d)(2) states that "[w]e [the SSA] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

Plaintiff contends that evidence in the record supports Dr. Talley's assessment that Plaintiff is limited to light work due to various medical conditions. As an example, Plaintiff points to a 2001 neurological examination, which found that Plaintiff was experiencing mild left limb ataxia and moderate left gait ataxia. Finally, Plaintiff maintains that her daily activities are consistent with Dr. Talley's assessment. In rejecting Dr. Talley's findings, the ALJ merely stated that "[t]here is no support in the record" for Dr. Talley's assessment. (Tr. 19).

The Court finds that the ALJ's explanation for affording lesser weight to Dr. Talley's opinion is insufficient. In Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 245-46 (6th Cir. 2007), the Sixth Circuit held that a nearly identical explanation did not satisfy the "good reason" requirement set out in section 404.1527(d)(2). In Rogers, the ALJ's deficient reasoning stated that ". . . the record does not support the limitation of the severity suggested by [the treating physician]." Id. at 246. The Court finds the Rogers explanation indistinguishable from the one the ALJ provided in the instant case.

The Magistrate's Report acknowledges that this conclusory explanation would not ordinarily meet the procedural requirement but excuses it based on evidence in the record supporting the ALJ's decision. (Doc. No. 18, at 13). However, this Court disagrees with the Magistrate. The "good reasons" requirement is intended to protect disability applicants. Wilson, 378 F.3d at 544. Thus, a court should not excuse a failure to comply with this requirement "simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating

6

source's opinion and, thus, a different outcome on remand is unlikely." Id. at 546. Accordingly, this case is remanded for the ALJ to reassess the weight given to Dr. Talley's opinion.

## IV. CONCLUSION

The Court finds that the ALJ failed to provide good reason for rejecting the opinion of Dr. Talley, Plaintiff's treating physician, in violation of 20 C.F.R. § 404.1527 and Social Security Ruling 96-2p such that remand is necessary. For the reasons stated above, this Court **GRANTS** Plaintiff's Motion with respect to her request to remand the case and **REMANDS** this case for further proceedings consistent with this Order.

It is so ORDERED.

Entered this the  15  day of June, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7